SCHOTT, Chief Judge,
concurring:
I subscribe to the original opinion, but I think something further needs to be said relative to appellees’ argument that retroactive application of the constitutional amendment deprives them of vested rights and affects contractual obligations.
At all times pertinent to this case an employee and employer could not agree to settle a worker’s compensation case on their own. Such a contract would not be binding and could not confer upon them any vested rights. In order to make a binding compromise agreement they had to have their agreement approved by a tribunal which at times was the district court and other times was the OWC. In order to have the contract *273 properly approved the parties had to go to the tribunal which had subject matter jurisdiction. An approval by the wrong tribunal would be no more efficacious that a contract with no approval at all. The parties never had a binding contract in the present case because they got approval from the wrong tribunal, one whose approval was without any effect whatsoever. Consequently, they never acquired any vested rights of which they could be deprived with the passage of the constitutional amendment.
After the OWC refused to approve the settlement appellees took the initiative to promote and conclude the settlement. They brought the matter to the district court in the face of a statute which clearly proclaimed that the correct forum was OWC. Even if they felt sure that the statute would be declared unconstitutional prudence demanded that they go back to OWC for approval of the compromise. The took a foolish risk when they sought and contented themselves with approval by the district court when no known viable statute gave the district court jurisdiction over the matter.